STATE v. JAMES VAUGHN TWIGGS.

(Filed 17 April 1963.)

APPEAL by defendant from *Farthing, J.,* December 1962 Regular Criminal Term of HAYWOOD.

Criminal prosecution on bill of indictment charging defendant with the first degree murder of David Ralph Ensley. Upon the call of the case for trial, the solicitor announced that the State would not ask for a verdict of guilty of murder in the first degree, but would ask for a verdict of second degree murder or of manslaughter as the evidence under the law might warrant.

Evidence was offered by the State and by defendant.

The jury returned a verdict of "GUILTY OF INVOLUNTARY MANSLAUGHTER." Judgment imposing a prison sentence was pronounced.

Defendant excepted and appealed. Upon appeal, all assignments relate to alleged errors of commission and of omission in the charge.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*Frank D. Ferguson and Ward & Bennett for defendant appellant.*

PER CURIAM. The State's evidence tends to show defendant shot Ensley about 2:00 a.m. July 3, 1962, on the Dutch Cove Road, a mile or so south of the corporate limits of Canton; that Ensley was in the driver's seat of the 1940 Ford, which had stopped on said road in front of defendant's residence premises, and defendant was on his own premises when the fatal shot was fired; and that a bullet fired by defendant entered Ensley's right temple and proximately caused his death at 4:40 a.m. in the Haywood County Hospital.

There was plenary evidence that Ensley, accompanied by State's witness Gribble, had followed a car driven by defendant's wife, in

STATE *v.* TWIGGS.

which defendant was riding, from Canton along the Dutch Cove Road until it turned into and went up defendant's private driveway; that shortly thereafter Ensley's 1940 Ford returned and stopped with lights off in front of defendant's premises; and that defendant had reasonable grounds to apprehend Ensley and Gribble intended to rob him or harm his wife or otherwise engage in unlawful conduct.

According to the State's evidence, neither Ensley nor Gribble got out of the 1940 Ford but both remained seated therein until defendant, who was 25-40 feet from the Dutch Cove Road, fired three shots in quick succession. According to defendant's evidence, Gribble or Ensley got out of the 1940 Ford, started up the bank along the front of defendant's premises and failed to respond to defendant's demand, "Go away, don't come up here"; and defendant did not intend to harm Ensley, or anyone, but fired solely for the purpose of scaring off intruders and did so when it reasonably appeared necessary in order to defend himself, his wife and his property.

At the time of the events referred to above, the occupants of the 1940 Ford, later identified as Ensley and Gribble, were complete strangers to defendant and defendant's wife.

The verdict indicates the jury reached the conclusion that defendant fired his pistol, intentionally, in such direction and in such manner that his conduct, under the circumstances then existing, constituted culpable negligence, and that defendant's culpable negligence proximately caused Esley's death.

The evidence has been carefully read and considered. No useful purpose would be served by a review thereof in detail. The jury saw and heard the witnesses; and it was for the jury to resolve the conflicts in the evidence.

Careful consideration of each of defendant's assignments fails to disclose prejudicial error; for the charge, when read as a composite whole, indicates that the applicable principles of law were presented in such manner as to leave no reasonable ground to believe that the jury was misinformed or misled. Hence, defendant's assignments are overruled.

No error.